# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROGER (RODDY) D. MYERS, JR., )<br>)<br>Plaintiff, )<br>) No. 3:03-0081<br>)<br>v. )<br>)<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security )<br>)<br>Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Roger D. Myers, Jr. filed this civil action to obtain judicial review of the final decision of denying him Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act. Both Plaintiff and Defendant filed motions for judgment on the administrative record. (Docs. 7 and 10.) In his Report and Recommendation, Magistrate Judge E. Clifton Knowles recommends that the case be remanded. Defendant filed an Objection to the Magistrate Judge's Report and Recommendation.

The Court has considered the case and, for the reasons stated below, adopts Magistrate Judge Knowles' Report and Recommendation.

In the Report and Recommendation, the Magistrate Judge found that the Administrative Law Judge ("ALJ") did not meet his heightened duty to develop the administrative record when he only considered one of the two available Residual Functional Capacity ("RTC") assessments and did not include both assessments in his hypothetical to the Vocational Expert ("VE").[1] (*See* Report & Recommendation, Doc. 11, at 15-17.) Defendant objected on the ground that the Sixth Circuit has made it clear that the Commissioner need not explicitly evaluate every piece of evidence in her decision and

---

[1] Plaintiff's medical record includes two RFC assessments: first is dated April 13, 1999, and the second is dated October 30, 2000. There is one more assessment completed by Plaintiff's attending physician, dated October 30, 2001. The ALJ discounted the 2001 assessment finding it "inconsistent with the record and not supported by objective medical evidence." However, he did not mention the 1999 RFC assessment in his opinion.

that the ALJ was only required to include in his hypothetical limitations that are accepted as credible by the finder of fact. (Def.'s Objection, Doc. 12, at 2-3.)

Upon review, the Court finds that the ALJ erred in his failure to consider the 1999 RFC assessment. Although the ALJ is not required to explicitly evaluate every piece of evidence in his decision, the ALJ has a duty to "fully and fairly develop the administrative record" and develop the evidence in order to determine whether or not the listing is met. *Johnson v. Sec'y of Health & Human Serv.*, 794 F.2d 1106, 1111 (6th Cir. 1986). When the claimant is unrepresented by counsel, the ALJ has a duty to exercise a heightened level of care and assume a more active role in the proceedings. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1052 (6th Cir. 1983). To satisfy this duty the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," *Id.* at 1052, and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited," *Id.* In the present case, Plaintiff was not represented by counsel at hearing, and therefore the ALJ had to use a "heightened level of care" to develop the record.

As Magistrate Judge Knowles found, the ALJ made no mention of the 1999 RFC assessment and there is nothing in the ALJ's opinion that suggests the ALJ was aware of, or considered, the 1999 assessment.[2] The Court agrees with the Magistrate Judge's finding that, given the paucity of the medical evidence available to the ALJ, the difference between the 1999 assessment and 2000 assessment should have been considered in the ALJ's determination. (*See* Report & Recommendation at 16.) Thus, the ALJ's decision fails to consider the record as a whole or to articulate reasons for discrediting this assessment. Therefore, the Court concludes that the ALJ's error warrants the case to be remanded for further proceedings. *See Wilson v. Comm'r of Soc. Security*, 378 F.3d 541 (6th Cir. 2004) (remanding the denial of Social Security benefits when the ALJ failed to give "good reasons" for his decision even though the decision was supported by substantial evidence).

As to the Magistrate Judge's finding that the ALJ erred by not modifying his hypothetical to the VE

---

[2]In his opinion, the ALJ noted the results of the 2000 RFC assessment and then stated, "Lacking any other assessment, the undersigned is persuaded to accept this assessment." (Tr. at 14.) While the ALJ acknowledged "a careful review of the entire record" in finding inconsistent the claimant's subjective complaints, the ALJ makes no such statement concerning the RFC evaluation. In fact, the ALJ noted that he considered "the assessment reached by State Agency physicians," not the "assessments." (*Id.*)

2

based on the 1999 assessment, the Court finds that the credibility of the 1999 RFC assessment should be established before the Court can reach the issue. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.").

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is adopted. Plaintiff's Motion for Judgment on the Administrative Record is GRANTED in part and DENIED in part: the motion is GRANTED to the extent that the ALJ's decision is vacated and DENIED to the extent that Plaintiff moves for immediate relief; and Defendant's Motion for Judgment on the Administrative Record is DENIED. The ALJ's decision is VACATED and the case is REMANDED for further proceedings not inconsistent with this opinion.

It is so ORDERED.

_____
Senior Judge Thomas A. Wiseman, Jr.
United States District Court for the
Middle District of Tennessee